UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
GENTIAN SARACI, on behalf of himself and all
others similarly situated,

                                  Plaintiff,

      -against-

ENGLEWOOD HOSPITALITY, LLC d/b/a
LEFKES ESTIATORIO and GEORGIA DUMAS,

                                Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Gentian Saraci ("Saraci" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Englewood Hospitality, LLC d/b/a Lefkes Estiatorio and Georgia Dumas (collectively, "Defendants") alleges:

**NATURE OF THE COMPLAINT**

1. Defendants employed Saraci as a server at Lefkes Estiatorio ("Lefkes"), a Mediterranean fine dining restaurant located in Englewood Cliffs, New Jersey, from approximately September 2021 through October 20, 2024. During periods of Saraci's employment, Defendants failed to pay Saraci and other front-of-the-house staff at Lefkes any wages at all for hours worked. During these periods, the only monies that Saraci received came through customer gratuities. During periods when Defendants paid Saraci wages, Defendants: (1) underpaid Saraci by shaving hours; and (2) unlawfully applied a tip credit against Saraci's wages and the wages of other front-of-the-house staff despite failing to provide proper notice, unlawfully deducting credit card fees from customer tips, unlawfully deducting charges for broken dining ware and disputed transactions from customer tips, and including an ineligible employee in the tip pool.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former front-of-the-house employees at Lefkes to recover unpaid minimum and overtime wages, misappropriated gratuities, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq*. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-1 *et seq* ("NJWPL").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because Defendants reside and do business in this District and the events and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

**Plaintiff Gentian Saraci**

5. Saraci resides in Westchester County, New Jersey.

6. Defendants employed Saraci as a server from approximately September 2021 through October 20, 2024.

**Defendant Englewood Hospitality, LLC**

7. Englewood Hospitality, LLC is a New Jersey corporation that owns, operates, and does business as Lefkes Estatorio ("Lefkes"), located at 495 Sylvan Avenue, Englewood Cliffs, New Jersey 076320.

8. Lefkes is an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Lefkes has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Within the three years prior to the filing of this Complaint, Lefkes has had an annual gross volume of sales in excess of $500,000.

**Defendant Georgia Dumas**

11. Georgia Dumas is an owner of Lefkes.

12. New Jersey Department of the Treasury filings identify Dumas as the Chief Executive Officer of Lefkes.

13. Throughout Plaintiff's employment, Dumas was directly involved in managing Lefkes's operations.

14. Throughout Plaintiff's employment, Dumas held and exercised power and authority over personnel decisions at Lekfes, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

15. Dumas was regularly present at Lefkes throughout Plaintiff's employment and directed employee duties and assignments at Lefkes.

16. Throughout Plaintiff's employment, Dumas determined Plaintiff's and other employees' wage rates at Lefkes and signed checks for Plaintiff's and other employees' wages and credit card tips.

17. Dumas made determinations regarding the deduction of credit card fees and deductions for broken items and client credit card disputes from Plaintiff's and other Lefkes employees' wages and tips.

18. Plaintiff and other Lefkes employees raised complaints about Defendants' failure to pay wages directly with Dumas.

19. Dumas informed Plaintiff that if he was upset about Defendants' failure to pay wages he could find another job.

20. Throughout Plaintiff's employment, Dumas held and exercised ultimate authority to make personnel decisions at Lefkes, including decisions to hire, fire and discipline Saraci and other employees.

21. Dumas exercised sufficient control over Lefkes' operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NJWHL.

## FACT ALLEGATIONS

22. Defendants hired Saraci as a server in September 2021.

23. Defendants required Saraci to attend three days of training at Lefkes when he was hired and failed to pay Saraci any wages for hours worked during the training days.

24. Lefkes is open to customers from 11:30 am. to 10:00 p.m. Sunday through Thursday, and from 11:30 a.m. to 2:00 a.m. on Friday and Saturday.

25. Throughout his employment, if scheduled for an opening shift, Saraci began work approximately one hour before Lefkes opened for customers.

26. Throughout his employment, if scheduled for a closing shift, Saraci completed his work approximately two hours after Lefkes stopped seating customers.

27. While his schedule varied, from approximately September 2021 through April 2023, Saraci regularly worked five or six days per week. During this period, Saraci

regularly worked: (1) three or four eight-hour shifts, from 4 p.m. to 12 a.m., on Sundays through Thursdays; and (2) and fifteen-hour double shifts, from 10:30 a.m. to 4:00 a.m., on Fridays and Saturdays, totaling between fifty-four and sixty-two hours per workweek.

28. From approximately May 2023 to June 2024, Saraci regularly worked three, four, or five shifts per week, generally working between thirty-one and fifty hours per workweek.

29. However, during the period from May 2023 through December 2023, Dumas at times instructed Saraci and other employees not to punch in for shifts if their recorded work hours would exceed forty hours per workweek.

30. From approximately July 2024 through the end of his employment, with the exception of approximately five weeks during which he did not work, Saraci regularly worked three shifts per week, generally working between twenty and thirty-five hours per workweek.

31. Defendants posted Saraci's and other employees' work schedules on a Seven Shifts application.

32. Throughout Saraci's employment, Saraci and other employees punched in and out of work on Defendants' point of sale system.

33. In 2021, Defendants paid Saraci at a tipped minimum wage rate of $4.13 per hour for hours worked up to forty per workweek and at a tipped overtime wage rate of $10.13 per hour for hours worked in excess of forty per workweek.

34. From approximately January 2022 through April 2023, Defendants did not pay Saraci any wages at all for regular or overtime hours worked. During this period, the only monies that Saraci received came from customer gratuities.

35. From approximately May 2023 through the end of Saraci's employment, Defendants paid Saraci at a tipped minimum wage rate of $5.26 per hour for hours

worked up to forty per workweek and a tipped overtime wage rate of $12.32 per hour for hours worked in excess of forty per workweek.

36. However, Defendants shaved time from Saraci's wages and did not pay Saraci for all hours worked during this period by requiring him to not to punch for certain shifts, in particular when punching for the shift would result Saraci working overtime hours during that workweek.

37. During periods when Defendants paid Saraci hourly wages, Defendants unlawfully applied a tip credit to the hourly and overtime wages they paid to Saraci.

38. Defendants' application of a tip credit against the statutory minimum and overtime wage rates they were required to pay Saraci were unlawful because:

   i. Defendants unlawfully misappropriated customer gratuities from Saraci as described below;

   ii. Defendants unlawfully deducted credit card fees from customer gratuities as described below;

   iii. Defendants unlawfully included an expediter who did not provide direct customer service to clients in the tip pool;

   iv. Defendants failed to provide the notice required for application of a tip credit against Saraci's minimum and overtime wage rate;

   v. Defendants required Saraci to spend more than twenty percent of his work time on non-tipped duties.

39. Throughout Saraci's employment, Defendants unlawfully deducted charges for broken dinner ware and for customer credit card disputes from tips left by customers for Saraci and other employees.

40. These unlawful deductions at times amounted to between $200 and $300 per week.

6

41. Throughout Saraci's employment, Defendants unlawfully deducted credit card fees from tips left by customers for Saraci and other employees.

42. Throughout Saraci's employment, Defendants unlawfully included an expediter who did not have direct customer interactions in the tip pool.

43. Defendants did not provide Saraci and other front-of-the-house employees with a compliant advanced notice that Defendants were applying a tip credit against their minimum and overtime wage rates.

44. Defendants applied a tip credit against Saraci's and other front-of-the-house employees' wages even when over twenty percent of Saraci's and the other front-of-the-house employees' worktime was spent on sidework (e.g., cleaning, rolling utensils) during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself and all similarly situated front-of-the-house employees who worked or have worked for Lefkes within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

46. The FLSA Collective consists of approximately forty employees who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying the FLSA Collective minimum wages and overtime pay.

47. Plaintiff and the FLSA Collective have worked over forty hours per workweek, have performed virtually the same duties, and have been subjected to the Defendants' common unlawful pay policies and practices depriving them of minimum wages and overtime pay.

48. Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies violating the FLSA, including but not limited to: (1) failing to pay the FLSA Collective minimum wages for hours worked up to forty per workweek; (2) failing to pay the FLSA Collective overtime wages for hours worked in excess of forty per workweek; (3) making unlawful deductions from the FLSA Collective's customer gratuities; and (4) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

49. Defendants engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

50. Defendants are aware or should have been aware that the FLSA required them to pay employees minimum wages for regular hours worked and overtime pay for hours worked in excess of forty per workweek.

51. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

52. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendants' records. The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

53. The claims in this Complaint arising out of the NJWHL are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated front-of-the-house employees who work or have worked for Lefkes since August 2019 (the "Rule 23 Class").

54. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

55. The size of the Rule 23 Class is approximately sixty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

56. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

57. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   i. Whether Defendants violated the NJWHL and supporting regulations with respect to compensation of the Rule 23 Class as alleged herein;

   ii. Whether Defendants maintained accurate records of hours worked and pay received by the Rule 23 Class as required by the NJWHL;

   iii. Whether Defendants unlawfully misappropriated the customer gratuities of the Rule 23 Class as alleged herein; and

   iv. Whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

58. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable statutory period. They enjoy the same statutory rights under the NJWHL to be paid minimum and overtime wages. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL.

59. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

60. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

61. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

62. There is no conflict between Plaintiff and the Rule 23 Class members.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Rule 23 Class members lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

64. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages)**

65. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs by reference.

66. Defendants are employers within the meaning 29 U.S.C § 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

67. Plaintiff and the FLSA Collective were employees within the meaning of the FLSA.

68. The FLSA requires that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

69. Defendants violated the FLSA's minimum wage provisions by failing to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled.

70. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective minimum wages for hours worked up to forty per workweek.

71. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and the FLSA Collective

72. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### SECOND CLAIM
### (NJWHL – Unpaid Minimum Wages)

73. Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs by reference.

74. Defendants are employers within the meaning of the NJWHL and supporting New Jersey Regulations and employed Plaintiff and the Rule 23 Class.

75. Defendants failed to pay Plaintiff and the Rule 23 Class the minimum wages to which they are entitled under the NJWHL.

76. Defendants willingly violated the NJWHL by knowingly and intentionally failing to pay Saraci and the Rule 23 Class the statutory minimum hourly wage rate.

77. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL and supporting State Department of Labor Regulations.

78. As a result of Defendants' willful violations of the NJWHL, Plaintiff and the Rule 23 Class are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### THIRD CLAIM
### (FLSA – Unpaid Overtime Wages)

79. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs by reference.

80. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular rate of pay for all hours they worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

81. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at a rate of one and one-half times their regular hourly wage rates for hours worked in excess of forty per workweek.

82. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and the FLSA Collective.

83. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## FOURTH CLAIM
### (NJWHL – Unpaid Overtime Wages)

84. Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs by reference.

85. Under the NJWHL, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty hours per workweek.

86. Plaintiff and the Rule 23 Class regularly worked more than forty hours per week.

87. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NJWHL.

88. Defendants' violations of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

89. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiff and the Rule 23 Class.

90. Defendants willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class members overtime wages.

91. As a result of Defendants' willful violations of the NJWHL, Plaintiff and the Rule 23 Class members are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## FIFTH CLAIM
### (FLSA - Misappropriation of Customer Gratuities )

92. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs by reference.

93. Pursuant to the U.S. Department of Labor's regulations, 29 C.F.R. § 531.52, tips are the property of an employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA.

94. Defendants violated the FLSA and its supporting regulations by:

   i. Deducting credit card fees from Plaintiff and the FLSA Collective's customer gratuities;

   ii. Deducting costs of broken dinner ware and disputed customer credit card purchases from Plaintiff and the FLSA Collective's customer gratuities; and

   iii. Unlawfully including a non-service employee in the tip pool.

95. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their misappropriated tips, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## SIXTH CLAIM
### (NJWHL – Misappropriation of Customer Gratuities)

96. Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs by reference.

97. Pursuant to New Jersey State Regulations, N.J.A.C. § 12:56-3.5, tips are the property of the employee whether or not the employer has taken a tip credit.

98. Defendants violated the NJWHL and its supporting regulations by:

   i. Deducting credit card fees from Plaintiff and the Rule 23 Class' customer gratuities;

      ii. Deducting costs of broken dinner ware and disputed customer credit card purchases from Plaintiff and the Rule 23 Class' customer gratuities; and

      iii. Unlawfully including a non-service employee in the tip pool.

99. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their misappropriated tips, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff, the FLSA Collective, and the Rule 23 Class, respectfully request that the Court:

A. certify this case as a class action pursuant to Rule 23 for the Rule 23 Class described herein, certify Plaintiff as the representative of the Rule 23 Class, and designate Plaintiff's counsel as Class Counsel;

B. certify this action as a collective action on behalf of the FLSA Collective described herein and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. declare that the Defendants violated the minimum and overtime pay provisions of the FLSA and the NJWHL;

D. declare that Defendants misappropriated gratuities in violation of the FLSA and NJWHL;

E. enjoin and permanently restrain Defendants from further violations of the FLSA and NJWHL;

  F. award Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum wages, overtime wages, and misappropriated gratuities;

  G. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NJWHL;

  H. award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL;

  I. award Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the FLSA and NJWHL; and

  J. award such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
   November 14, 2024

By: *s/Louis Pechman*
Louis Pechman
Galen C. Baynes
PECHMAN LAW GROUP PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiff and the*
*Putative FLSA Collective and Rule 23 Class*