UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
GENTIAN SARACI, on behalf of himself and all others similarly situated,

                Plaintiff,

-against-

ENGLEWOOD HOSPITALITY, LLC d/b/a LEFKES ESTIATORIO and GEORGIA DUMAS,

                Defendants.
-------------------------------------------------------------------X

Case No. 24-CV-10489

**DEFENDANTS' ANSWER TO COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants Englewood Hospitality, LLC d/b/a Lefkes Estiatorio ("Lefkes") and Georgia Dumas ("Dumas") (collectively, the "Defendants"), by and through their undersigned counsel, for their Answer to this action (the "Complaint"), state as follows:

1. State that the allegations contained in paragraph 1 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 1, except admit that Plaintiff was an employee of Lefkes, and admit that Lefkes is a Mediterranean fine dining restaurant located in Englewood Cliffs, New Jersey.

2. Admit that Plaintiff purports to bring this action as alleged in paragraph 2 of the Complaint, but deny any basis thereof.

**JURISDICTION**

3. State that the allegations contained in paragraph 1 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 3.

## VENUE

4. State that the allegations contained in paragraph 1 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 4.

## THE PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiff was employed by Lefkes.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Englewood Hospitality, LLC is a New Jersey entity doing business as "Lefkes Estiatorio" at 495 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

8. State that the allegations contained in paragraph 1 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 8.

9. State that the allegations contained in paragraph 1 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 9.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegation in paragraph 11 of the Complaint.

12. Admit the allegation in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. State that the allegations contained in paragraph 14 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. State that the allegations contained in paragraph 20 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 20.

21. State that the allegations contained in paragraph 21 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 21.

### FACT ALLEGATIONS

22. Deny the allegations in paragraph 22 of the Complaint, except admit that Plaintiff was hired on or about September 2021.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Admit the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint..

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Admit the allegations in paragraph 31 of the Complaint.

32. Admit the allegations in paragraph 32 of the Complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. State that the allegations contained in paragraph 37 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 37.

38. State that the allegations contained in paragraph 38 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 38.

39. State that the allegations contained in paragraph 39 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 39.

40. State that the allegations contained in paragraph 40 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. State that the allegations contained in paragraph 41 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 41.

42. State that the allegations contained in paragraph 42 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 42.

43. State that the allegations contained in paragraph 43 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

45. Admit that Plaintiff purports to bring this action as alleged in paragraph 45 of the Complaint, but deny any basis therefore.

46. State that the allegations contained in paragraph 46 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 46.

47. State that the allegations contained in paragraph 47 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 47.

48. State that the allegations contained in paragraph 48 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 48.

49. State that the allegations contained in paragraph 49 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 49.

50. State that the allegations contained in paragraph 50 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 50.

51. State that the allegations contained in paragraph 51 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 51.

52. State that the allegations contained in paragraph 52 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 52.

## CLASS ACTION ALLEGATIONS

53. Admit that Plaintiff purports to bring this action as alleged in paragraph 53 of the Complaint, but deny any basis therefore.

54. State that the allegations contained in paragraph 54 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 54.

55. State that the allegations contained in paragraph 55 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 55.

56. State that the allegations contained in paragraph 56 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 56.

57. State that the allegations contained in paragraph 57 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 57.

58. State that the allegations contained in paragraph 58 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 58.

59. State that the allegations contained in paragraph 59 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 59.

60. State that the allegations contained in paragraph 60 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 60.

61. State that the allegations contained in paragraph 61 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 61.

62. State that the allegations contained in paragraph 62 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 62.

63. State that the allegations contained in paragraph 63 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 63.

64. State that the allegations contained in paragraph 64 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 64.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wage)

65. Defendants repeat and reallege their answers to paragraphs 1 through 64 of the Complaint as if each were fully set forth at length herein.

66. State that the allegations contained in paragraph 66 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 66.

67. State that the allegations contained in paragraph 67 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 67.

68. State that the allegations contained in paragraph 68 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 68.

69. State that the allegations contained in paragraph 68 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 68.

70. State that the allegations contained in paragraph 70 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 70.

71. State that the allegations contained in paragraph 71 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 71.

72. State that the allegations contained in paragraph 72 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 72.

## SECOND CLAIM
### (NJWHL – Unpaid Minimum Wage)

73. Defendants repeat and reallege their answers to paragraphs 1 through 72 of the Complaint as if each were fully set forth at length herein.

74. State that the allegations contained in paragraph 74 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 74.

75. State that the allegations contained in paragraph 75 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 75.

76. State that the allegations contained in paragraph 76 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 76.

77. State that the allegations contained in paragraph 77 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 77.

78. State that the allegations contained in paragraph 78 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 78.

### THIRD CLAIM
### (FLSA – Unpaid Overtime Wages)

79. Defendants repeat and reallege their answers to paragraphs 1 through 78 of the Complaint as if each were fully set forth at length herein.

80. State that the allegations contained in paragraph 80 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 80.

81. State that the allegations contained in paragraph 81 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 81.

82. State that the allegations contained in paragraph 82 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 82.

83. State that the allegations contained in paragraph 83 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 83.

### FOURTH CLAIM
### (NJWHL – Unpaid Overtime Wages)

84. Defendants repeat and reallege their answers to paragraphs 1 through 83 of the Complaint as if each were fully set forth at length herein.

85. State that the allegations contained in paragraph 85 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 85.

86. State that the allegations contained in paragraph 86 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 86.

87. State that the allegations contained in paragraph 87 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 87.

88. State that the allegations contained in paragraph 88 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 88.

89. State that the allegations contained in paragraph 89 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 89.

90. State that the allegations contained in paragraph 90 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 90.

91. State that the allegations contained in paragraph 91 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 91.

## FIFTH CLAIM
### (FLSA – Misappropriation of Customer Gratuities)

92. Defendants repeat and reallege their answers to paragraphs 1 through 91 of the Complaint as if each were fully set forth at length herein.

93. State that the allegations contained in paragraph 93 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 93.

94. State that the allegations contained in paragraph 94 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 94.

95. State that the allegations contained in paragraph 95 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 95.

## SIXTH CLAIM
### (NJWHL – Misappropriation of Customer Gratuities)

96. Defendants repeat and reallege their answers to paragraphs 1 through 95 of the Complaint as if each were fully set forth at length herein.

97. State that the allegations contained in paragraph 97 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 97.

98. State that the allegations contained in paragraph 98 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 98.

99. State that the allegations contained in paragraph 99 of the Complaint constitute legal conclusions, which require neither an admission nor a denial, but to the extent a response is required, deny the allegations contained in paragraph 99.

## PRAYER FOR RELIEF

Deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief section of the Complaint, or to any relief at all, from the Defendants.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or other equitable defenses.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff and any alleged similarly situated individuals, at all times herein, were lawfully compensated in accordance with the FLSA, the applicable regulations of the United States Department of Labor, and with the applicable regulations of the New Jersey Department of Labor.

**AS FOR A FIFTH AFFIRMATIVE DEFENSE**

Defendant Dumas is not a proper defendant in this action as she is/was not an "employer" of the Plaintiff within the scope of the Fair Labor Standards Act and/or the New Jersey Wage and Hour Law.

**AS FOR A SIXTH AFFIRMATIVE DEFENSE**

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New Jersey Wage and Hour Law.

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE**

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA, the applicable regulations of the United States Department of Labor, and with the applicable regulations of the New Jersey Department of Labor.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA or the New Jersey Wage and Hour Law.

**AS FOR A NINTH AFFIRMATIVE DEFENSE**

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA, the applicable regulations of the United States Department of Labor, and with the applicable regulations of the New Jersey Department of Labor.

**AS FOR A TENTH AFFIRMATIVE DEFENSE**

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the New Jersey Department of Labor.

## AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

All and any actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

## AS FOR A TWELVTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act or the New Jersey Wage and Hour Law.

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collection action pursuant to Section 216(b) of the FLSA, and there, the collective action allegations of the Complaint should be stricken and dismissed.

## AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment.

## AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the other putative class members, are barred by the failure to mitigate their damages, if any.

### AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The damages sought by Plaintiff on behalf of himself and the other putative class members cannot be recovered without specific proof of injury and damage by Plaintiff and by each putative class member.

### AS FOR AN EIGTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant *inter alia*, to the Portal-to-Portal Act, 29 U.S.C. § 260, and the FLSA.

### AS FOR A NINETEENTH AFFIRMATIVE DEFENSE

At this point, discovery in this action has not been commenced or accomplished in any fashion, and as such, Defendants reserve the right to amend its answer and affirmative defenses as additional facts, issues, or defenses may be discovered.

### AS FOR A TWENTIETH AFFIRMATIVE DEFENSE

If additional individuals should file a consent to join this action, Defendants reserve the right to assert any of the defenses contained in this answer as to each such individual.

WHEREFORE, Defendants request judgment against the Plaintiff with respect to his claims asserted herein, dismissing the Complaint in the above action, and request judgment in favor of Defendants, together with costs and disbursement of the above-entitled action and any other relief this court may deem just and proper.

Dated: March 10, 2025
　　　　New York, New York　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 _/s/Andreas Koutsoudakis__
　　　　　　　　　　　　　　　　　　　　　　 Andreas Koutsoudakis, Esq.
　　　　　　　　　　　　　　　　　　　　　　 KOUTSOUDAKIS LEGAL P.C.
　　　　　　　　　　　　　　　　　　　　　　 420 Lexington Avenue, Suite 1402
　　　　　　　　　　　　　　　　　　　　　　 New York, New York 10170
　　　　　　　　　　　　　　　　　　　　　　 andreas@aklegalteam.com
　　　　　　　　　　　　　　　　　　　　　　 (914) 534-2586

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I served a true and correct copy of the annexed Defendants' Answer to Collective and Class Action Complaint via the Court's electronic filing system upon the following:

Louis Pechman
PECHMAN LAW GROUP PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com

Louis Pechman
PECHMAN LAW GROUP PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
baynes@pechmanlaw.com

*Attorneys for Plaintiff and the Putative FLSA Collective and Rule 23 Class*